UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY K. WILLIAMS,

      Plaintiff,

v.                                                      CASE NO. 3:20-cv-1452-TJC-MCR

MOMIN AQEEL,

      Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on (1) Plaintiff's Affidavit of

Indigency ("Affidavit") (Doc. 2), which the Court construes as a motion for

Plaintiff to proceed *in forma pauperis* in this action, and (2) Plaintiff's Motion

[to] the Court for Leave to Issue and/or Enter a Default Judgment Order in

Favor of the Plaintiff [ ] ("Motion for Default Judgment") (Doc. 5).  The Court

has also reviewed and considered the Complaint (Doc. 1) as presently filed,

Plaintiff's Notice, Consent and Reference of a Civil Action to a Magistrate

Judge ("Trial Consent") (Doc. 6), and the Case Management Report ("CMR")

(Doc. 7) that Plaintiff unilaterally filed.

For the reasons stated herein, the Court finds Plaintiff's Affidavit for *in*

*forma pauperis* status and Plaintiff's Motion for Default Judgment are due to

be **DENIED WITHOUT PREJUDICE**.  Plaintiff shall have the opportunity

to file a fully completed and notarized Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and a properly amended Complaint that states a cause of action cognizable in this federal court, **on or before May 19, 2021**.

## I.     *In forma pauperis* status

Upon a finding of indigency, the Court may authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915(a)(1).  The Court's decision to grant *in forma pauperis* status is discretionary.  *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  While a litigant need not show that he is "absolutely destitute" to qualify for pauper status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Here, Plaintiff filed a partially completed Affidavit of Indigency. Initially, the Court notes the Affidavit of Indigency is a form created primarily for use by prisoners and Plaintiff does not appear to be incarcerated.  The preferred form for use by civil litigants seeking *in forma pauperis* status is the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which Plaintiff will be given the

opportunity to complete.[1]  The Court, nonetheless, has reviewed the present

Affidavit and finds the information provided is insufficient for the Court to

make an informed decision.

For example, basic living expenses, such as groceries, utilities, and

vehicle or transportation costs are omitted from the Affidavit.  Plaintiff lists

his marital status as single, but it is not clear whether anyone lives with

Plaintiff who may either contribute financial support to Plaintiff or who

wholly relies upon Plaintiff for support.  (*See* Doc. 2 at 1-2.)  Plaintiff reports

$2,500.00 in monthly income from his job with F&M Investments.  (*Id.* at 2.)

The only expenses Plaintiff lists are $500.00 per month for rent or mortgage,

and another $100.00 to $200.00 per month he provides for the support of his

three children.  (*Id.*)  Plaintiff indicates he has financial debts and obligations

to Navy Federal Credit Union and Vystar Credit Union, but reports monthly

payments are "N/A."  (*Id.* at 4.)  Plaintiff lists ownership of "investment

property" that is located at 1659 West 32nd Street, Jacksonville, Florida. (*Id.*

at 3.)  Public records show Plaintiff purchased this property on March 9, 2020

for $4,400.00.[2]  The disagreement between Plaintiff and an adjacent property

---

[1] The Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) is also available on this Court's public website, located at www.flmd.uscourts.gov/.

[2] *See* City of Jacksonville, Duval Cty. Official R., Quitclaim Deed, OR Book 19132, Pages 912-15 (Mar. 9, 2020), https://oncore.duvalclerk.com/ (last visited 4/28/2021).

owner is at the core of this dispute.

Thus, upon review of the Affidavit, it is evident there are gaps within the financial information Plaintiff provided. The Court is unable to adequately determine whether Plaintiff is indigent and qualifies for *in forma pauperis* status pursuant to 28 U.S.C. § 1915.

Accordingly, Plaintiff is instructed to carefully and completely fill out, notarize, and file with the Court the attached Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) **no later than May 19, 2021**. In lieu thereof, Plaintiff may opt to pay the appropriate filing fee.

## II. Review of the *pro se* drafted complaint

When a court receives an application to proceed *in forma pauperis*, it is obligated to review the complaint and must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim on which relief may be granted if the complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cty., Ala.*, 592 F.3d 1227, 1232-33 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2), 12(b)(6)). To establish entitlement to relief, Plaintiff must include in the complaint a short and plain statement of

4

facts in support of his claims. Fed. R. Civ. P. 8(a). This statement of facts

must show the plausibility of Plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). "[L]abels and conclusions" are not enough to satisfy the

"plausibility" standard." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007).

Further, federal courts are courts of limited jurisdiction and therefore,

have an obligation to inquire into their subject matter jurisdiction. *See

Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279 80 (11th Cir. 2001).

"In a given case, a federal district court must have at least one of three types

of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant;

(2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading,

Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). A court must dismiss an action

*sua sponte* if it "determines at any time that it lacks subject-matter

jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*,

551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same).

Diversity jurisdiction exists only when the plaintiffs and defendants

are citizens of different states, **and** the amount in controversy exceeds

$75,000.00. 28 U.S.C. § 1332(a) (emphasis added). Absent diversity of

citizenship, a plaintiff must present a substantial federal question in order to

invoke the district court's jurisdiction. *Walker v. Sun Trust Bank of*

*Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam)

In the instant case, Plaintiff does not bring a claim pursuant to a federal statute conveying subject matter jurisdiction. Likewise, there is no diversity jurisdiction, as both Plaintiff and the one specifically named defendant, Momin Aqeel, reside in Florida. (*See* Doc. 1 at 24.) Accordingly, the only remaining basis for subject matter jurisdiction is federal question jurisdiction.

Plaintiff initiated this action by filing the "Complaint for Violation of Civil Rights (Prisoner Complaint)" on December 28, 2020. Plaintiff's use of the prisoner civil rights complaint form somewhat muddles the claims he attempts to assert. As Plaintiff will be given the opportunity to file a properly amended complaint, it is strongly recommended Plaintiff review the additional forms for Litigants without Lawyers, also available on the Court's website identified in footnote 1 above, and select a form more closely aligned with the issues Plaintiff raises.

Confusingly, Plaintiff leaves entire sections of the form he selected blank. For example, no defendant is identified under Section I(B) of the form, but Momin Aqeel is noted as the defendant on the cover page of the Complaint. Rather than fill in the complaint form completely, Plaintiff states the details of (1) his alleged claims, (2) the basis he believes establishes this Court's jurisdiction, (3) the sought relief, and (4) a "Certificate of Service"

6

statement on nine typed pages inserted throughout the form pages.  The

result is a twenty-four (24) page rambling, often incoherent, document, that

is filed as the Complaint in this action.

Plaintiff claims to be the lawful owner of real property located at 1659

West 32nd Street, Jacksonville, Florida 32209.  (Doc. 1 at 5.)  Plaintiff sues

Momin Aqeel, whom he identifies as the "rightful and lawful" owner of real

property located at 4217 Pearce Street, Jacksonville, Florida 32209. (*Id*.)

Both properties are contained within the Royal Terrace subdivision and share

a common boundary line.  *See* Jerry Holland, Property Appraiser, https://

paopropertysearch.coj.net/Basic/Search.aspx (enter street number, name,

type and direction in blank fields) (last visited Apr. 28, 2021);  *see also* JaxGis

Duval Property Maps, *found at*

https://maps.coj.net/duvalproperty/default.aspx?img=img?RE=085080-0000

(enter property address) (last visited Apr. 28, 2021).

Plaintiff states he is suing "Defendant in an individual Capacity for

exercising Negligence, thereby inquiring, orchestrating and successfully

making a[n] unlawful sale and purchase transaction Under Color of Law of

the . . . property located at 4217 Pearce Street, Jacksonville, Florida 32209,

from the City of Jacksonville . . . on or about March 18, 2020, in the amount

of $19,200.00, with reckless disregard for the truth that the Plaintiff did own

approximately 44 Square [feet] of the Encroaching Structure of the 2-story

Building located at 4217 Pearce Street. (Doc. 1 at 8.) Plaintiff goes on to complain of unauthorized construction and remodeling "on the 2-story Encroaching structure," the improper disposal of trash and building materials that allegedly were illegally dumped onto Plaintiff's property without consent, and a conspiracy with collusion acts that has deprived Plaintiff of his constitutional rights and caused "an unwarranted Public Nuisance to be placed onto the Plaintiff's Property Tax Bill by City Officials." (*Id.* at 10.)

Plaintiff alleges he has been deprived of his Fourth, Fifth, Sixth and Eighth Amendment rights, as well as due process and equal protection of the law under the Fourteenth Amendment to the Constitution of the United States. Plaintiff does not specifically refer to 28 U.S.C. § 1983 in the text of his Complaint, nor did he mark on the civil rights complaint form that he was bringing suit against state or local officials as a § 1983 claim. Rather, Plaintiff refers to the alleged deprivation of constitutional rights as the basis for jurisdiction. (*See* Doc. 1 at 5.) To the extent Plaintiff is attempting to bring an action against Defendants directly under the Constitution, "**there is no direct right of action against private entities or individuals for violations of the federal Constitution.**" *Randolph v. Beardsley*, Case No. 3:10-cv-113-J-25MCR, 2010 WL 11651579, at \*3 (M.D. Fla. Feb. 17, 2010) (citations omitted, emphasis in the original). If Plaintiff seeks to state a

claim for relief under § 1983, he must identify the statute and allege first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's initial complaint is deficient under both prongs.

At first, Plaintiff appears to be suing only Momin Aqeel. However, in the rambling descriptions of the wrongs Plaintiff claims to have suffered, Plaintiff refers loosely to the City of Jacksonville, "multiple different unknown individuals or laborers," and "all other parties that are unnamed herein [due] to names unknown to the Plaintiff at the time." (*See* Doc. 1 at 5, 8, 9.) Moreover, on the first page of the Affidavit, Momin Aqeel and the notation "et unknown," are listed in the style of the case, indicating there may be additional defendants.[3] Thus, it is unclear whether Plaintiff is suing Momin Aqeel solely, or is suing other persons or entities as well.

Reading the Complaint carefully, the Court is unable to discern any relevant facts that potentially would support Plaintiff's entitlement to relief in federal court. The Complaint, in its current form, indicates the Court does not have subject-matter jurisdiction over this action, either based on federal question jurisdiction or based on diversity jurisdiction. This determination

---

[3] Noting that "et al." is an abbreviation for "and others," the undersigned has interpreted Plaintiff's notation to mean "and others unknown."

alone is sufficient to support dismissal of the Complaint.

The undersigned, however, will not recommend dismissal at this time, but will give Plaintiff an opportunity to clarify his allegations by filing an amended complaint. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam) (stating that before dismissing an action pursuant to Section 1915 for failure to state a claim, the Court should permit a *pro se* litigant, who is seeking *in forma pauperis* status, the opportunity to amend the pleading). Plaintiff is cautioned that the Court will not rewrite the Complaint or any amended complaint to find a viable federal claim. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff is also cautioned that the amended complaint and any other filings with the Court must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, which (along with many other resources) are available for review on the public website of the United States District Court for the Middle District of Florida at www.flmd.uscourts.gov, as well as in the law libraries of federal and state courthouses, and can also be obtained from the Clerk's Office.

## III. Conclusion

If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint with sufficient factual allegations to state a claim upon which relief may be granted and allow the Court to determine it has

subject-matter jurisdiction over this case.  Specifically, the amended

complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation

must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and every

essential element of each claim Plaintiff asserts must be directly or indirectly

pleaded to show the Court that Plaintiff is entitled to "a recovery under some

viable legal theory." *Roe v. Aware Woman Ctr.*, 253 F.3d 678, 683 (11th Cir.

2001).  Each claim "must include a concise statement identifying the

remedies and the parties against whom relief is sought."  *Cohen v. Office

Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999) (internal quotation and

citation omitted).  Further, each claim should be in numbered paragraphs,

with each paragraph limited as far as practicable to a single set of

circumstances.  Fed. R. Civ. P. 10(b).

Accordingly, it is **ORDERED**:

1.      The Affidavit (Doc. 2) is **DENIED WITHOUT PREJUDICE**.  On or

before **May 19, 2021**, Plaintiff shall file fully completed and notarized

Application to Proceed in District Court Without Prepaying Fees or Costs

(Long Form).

2.      The Motion for Default Judgment (Doc. 5) was prematurely filed and is

**DENIED WITHOUT PREJUDICE**.

3.      Plaintiff shall file an amended complaint in compliance with this Order

and all applicable rules and law, on or before **May 19, 2021**.

4.      In lieu of filing these documents, Plaintiff may opt to pay the appropriate filing fee.

5.      Failure to comply with this Order will likely result in a recommendation to the District Judge that this case be dismissed for lack of subject-matter jurisdiction, and/or failure to state a claim on which relief may be granted by this Court.

6.      The documents filed by Plaintiff on March 22, 2021 (Docs. 6 &7), which include a unilateral Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, and a unilateral Case Management Report are **STRICKEN FROM THE RECORD**.

       **DONE AND ORDERED** at Jacksonville, Florida, on April 29, 2021.


                                   MONTE C. RICHARDSON
                           UNITED STATES MAGISTRATE JUDGE


Attachment:

Application to Proceed in District Court
Without Prepaying Fees or Costs (Long Form)

Copies (w/ attachment) to:

*Pro Se* Plaintiff