Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

FILED

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida
_____ Division

2021 SEP 14 AM 10: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE, FLORIDA

Larry K. Williams
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Momin Ageel
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

) ) ) ) ) ) ) ) ) ) ) ) ) ) )

Case No. _____
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Larry K. Williams
All other names by which you have been known:
ID Number:
Current Institution: Local Resident
Address: 244 West 46th St.
Jacksonville        Fla.         32208
City                 State        Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name:
Job or Title *(if known)*:
Shield Number:
Employer:
Address:
City         State         Zip Code
☐ Individual capacity   ☐ Official capacity

Defendant No. 2
Name:
Job or Title *(if known)*:
Shield Number:
Employer:
Address:
City         State         Zip Code
☐ Individual capacity   ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name _____
    Job or Title *(if known)* _____
    Shield Number _____
    Employer _____
    Address _____
        _____
        City / State / Zip Code
    ☐ Individual capacity   ☐ Official capacity

Defendant No. 4
    Name _____
    Job or Title *(if known)* _____
    Shield Number _____
    Employer _____
    Address _____
        _____
        City / State / Zip Code
    ☐ Individual capacity   ☐ Official capacity

II.   **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

   A.   Are you bringing suit against *(check all that apply)*:

        ☐ Federal officials (a *Bivens* claim)

        ☐ State or local officials (a § 1983 claim)

   B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

        _____

   C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## Amended Complaint

**II. Basis for Jurisdiction (D.)**

Plaintiff have been deprived of his 4th, 5th, 6th, and 8th Amendment Constitutional Right, and denied Due Process and Equal Protection of the Law, governed by the 14th Amendment of the United states Constitution.

I, Larry Williams, a United States Citizen (hereafter "Plaintiff"), the rightful and lawful Property Owner of the Parcel of Land RE#085081-0000, located in the PLAT of Royal Terrace at 1659 west 32nd Street, Jacksonville Florida 32209, hereby are suing Momin Aqeel (hereafter "Plaintiff"), the rightful and lawful Property Owner of the Parcel of Land RE#085080-0000, located in Royal Terrace at 4217 Pearce Street, Jacksonville Florida 32209, including all other parties that are unnamed herein do to names unknown to the Plaintiff at the time, and are responsible for committing multiple criminal acts "in bad Faith" such as illegal Littering & Dumping of Alcohol Bottles, Excessive Miscellaneous Trash, as well as Construction Materials, that which includes other Hazardous substances apparently extract from the Defendants 2-Story Building and external resources [not] associated with the Plaintiffs previous and ongoing restoration and improvement activities purposely to bring up the "Equity Value" in the Plaintiffs property located at the above-said address in Royal Terrace.

Plaintiff asserts that the unwarranted criminal acts and unauthorized-construction work [without] consent of the Plaintiff including authorized by Law and Permit-signed and dated by the Plaintiff, including unlawfully cutting down Trees located on the backside of Lot-11 on Plaintiffs property by the Defendant, accompany by numerous other unnamed laborers or individuals.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

III. **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)*

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

**IV. Statement of Claim (A.)**

 Plaintiff, are suing the Defendant "in a Individual Capacity" for exercising **Negligence**, thereby inquiring, orchestrating and successfully making a unlawful "**sale and purchase**" transaction [Under Color of Law] of the above-said Property or Parcel of Land RE#085080-0000, being the same property located at 4217 Pearce Street, Jacksonville, Florida 32209, from the **City of Jacksonville**...on or about March18,2020, in the amount of **$19,200.00**, with reckless disregard for the truth that the Plaintiff did own approximately "44 Square foot" of the "Encroaching Structure" of the 2-Story Building located at 4217 Pearce Street, that the Defendant newly purchased from the **City of Jacksonville** as a matter of Florida Law, prior to the Defendant accompany by other individuals or laborers unlawful and collusion acts carried out "in bad faith" that constituted multiple criminal offenses of: **1.)** Malicious Destruction of Property, **2.)** Vandalism, **3.)** Infringement of Property line, including punitive damages-caused by the Defendant, for ongoing unlawful use of Plaintiffs private property, and nevertheless the Defendants failure to seek permission from the Plaintiff **with-leave- granted** first-in respect to Plaintiffs Property Rights to obtain or receive a **Certified Leasing Order**, followed by Plaintiff granting the Defendant and other acting parties authorization to rent "that Portion" of the Encroaching Structure of the 2-Story Building located at 4217 Pearce Street, Jacksonville Florida 32209, standing alone has demonstrated wantonness, as well as fraudulent misrepresentation, whereas in accordance to the **Property Appraisal Site** and, as well as Professional and Certified Surveyor(hired by Plaintiff) to conduct two separate Surveys of Plaintiffs "investment property" located at the above-said address in its entirety, to corroborate these claims contained herein on a [undisclosed date and time] for personal record purposes; that which update **Mapping** & **Survey** of Plaintiffs Property herein dispute reflects that an [undisclosed amount of square footage] of the "Encroaching Structure of the Defendants 2-Story Building encroachment of Plaintiffs **Boundary line** is violating Plaintiffs Property Rights, and after making Defendant aware of the matter, the Defendant did continued possessing the Plaintiffs property, knowingly that the property belongs to someone other than the Defendants as a matter of law.

 On April 16, 2020, at approximately 4:57pm, Plaintiff visited his investment property located in the PLAT of Royal Terrace at 1659 west 32nd street, Jacksonville, Florida 32209, to do a basic observation on the parcel of land and learned that a series of unwarranted and deliberate criminal acts had been committed on the Plaintiffs property, whereas Plaintiff simply took photos and left the property. Plaintiff continued to visit the above-said property and discovered with time that matters had worsened over the weeks that constituted unlawful and unauthorized personal and business use of the Plaintiffs property, whereby Plaintiff Inquired and received information from witnesses on a daily basis of these

ongoing unlawful and criminal activities, that which lead Plaintiff to continue taken photos over a month of the property, in particular related to these actions and course of events.

Plaintiff did make contact with multiple different unknown individuals or laborers involved with these unlawful and collusion acts that has caused the Plaintiff severe mental anguish, emotional and psychological pain and suffering based on countless encounters with unknown individuals trespassing including parking on Plaintiffs property while performing construction business operations on the Defendants property located at 4217 Pearce Street, Jacksonville Florida 32209.

On or about May 4, 2020, Plaintiff served the Defendant a formal Notice, in Plaintiffs efforts to negotiate and reach a **neighbor-to-neighbor** agreement deemed as fair and just compensation for Defendants personal use (in this case Commercial Business Operations) and other unnotified actions or means taken to "occupy" Plaintiffs private property [without] **consent** of Plaintiff under authority of a **Notarized Contract Agreement**, and a permit-dated and signed by Plaintiff, and **approved** by the **Zoning Department**, that which-Plaintiff, sought as fair and just compensation to be negotiated or reached, and agreed upon by the Defendant, and concluded there-with a **relief sought**, and the full amount or payment in U.S. Currency- sought to be allotted to Plaintiff by either a Cashier Check or Money Order via U.S. mailed to Plaintiff within a **reasonable time** [negotiated & agreed] under **specific terms** and **conditions**--in respect such as approximately **[7-10]** working days, or in alternative, Plaintiff were willing to **grant/permit** the Defendant leave upon a **Certified Leasing Order**, granting Defendant and all other acting parties [authorization] to rent **"that portion"** of the 'Encroaching Structure" of the 2-Story Building located at 4217 Pearce Street, Jacksonville, Florida, 32209, which is in accordance to the **Property Appraisal Site** and, as well as Professional and Certified Surveyor( hired by Plaintiff) to conduct two separate Surveys of Plaintiffs private property located at 1659 west 32nd Street, Jacksonville, Florida, 32209, in its entirety, to corroborate these claims contained herein on a [undisclosed date and time] for personal record purposes; that which updated Survey reflects that an [undisclosed amount in Square footage] of the "Encroaching Structure" of your 2-Story Building encroachment is violating Plaintiffs **Property Rights**, governed by Florida Law; whereas the Defendant has continued to possess it, knowingly that the property belongs to someone other than the Defendants as a matter of law.

However, the above-said criminal acts visibly orchestrated were committed with "malice intent" by the Defendant (in this particular case Property Owner of Encroaching Structure) and other acting parties unnamed in the afore-mentioned Citizen Complaint, have knowingly and willfully caused: **1.)** Damaged to the Plaintiffs Property; **2.)** Destruction & Damage to visible cured Lawn that required Lawn Maintenance and Labor Cost to Improve conditions of Lawn Care on Plaintiff Property, which treated and cured the entire backside of Lot-11 and Lot-12 on the above-said Parcel of Land #085081-0000... in part out-sourced to local Lawn Service -men and aided by the Plaintiff in order to ensure that certain measures and standard performance were maintained for two professional assessments via Survey & Appraisal, as well as other necessary preparation for New Construction & Development; **3.)** Unlawful Obstruction & Interruption-- of Plaintiffs necessary ground-work and preparation for a New Real Estate

Development and Construction Plan, which has impeded the Plaintiff from properly "securing" the backside of Lot-11 and Lot-12 jointly, on Plaintiffs Property with Private Fences, purposefully to protect and storage personal equipment of the Plaintiff along with other supplies and private property.

On discriminatory grounds, the Plaintiff avers that the Property Owner of the Encroaching Structure located at 4217 Pearce street, Jacksonville, Florida 32209, did [after] making purchase of the afore-said Parcel of Land #085080-0000, exercised "Deliberate Indifference" and, thus forth did failed to "**order**" and have a Licensed Surveyor to conduct a proper observation, assessment, and mapping of the above-said Parcel of Land in its entirety, to ensure [before] invading Plaintiffs Private Property, and performing or mobilizing unauthorized-Construction and Remodeling on the 2-Story Encroaching Structure, which does actually infringe and encroach Plaintiffs Property Boundary line, whereby the said Property Owner of the Encroaching Structure, knowingly and willfully with reckless disregard for the truth, that the Parcel of Land #085081-0000 located at 1659 west 32nd street, were and/or did belong to someone [prior] to committing multiple criminal acts with "malice intent" to **cause damage** to the above-said Parcel of Land, that which constitutes Negligence, Vandalism, Criminal Mischief all at once, and which strikes at the heart of Due Process violation, that guarantees the Plaintiff Equal Protection of the Law pursuant to the 14th Amendment of the United States Constitution. The Plaintiff contends that the Property Owner of the Encroaching Structure, deliberately, sadistically and maliciously have refused to pay the necessary cost associated with properly disposal of trash, building materials and other waste that the Property Owner along with other acting parties have Trespassed on Plaintiff Private Property, and illegally dumping Construction Materials and various other unwarranted substances and material onto Plaintiffs Property without **consent**.

These ongoing unlawful conspirator and collusion acts have deprive the Plaintiff of his 4th, 5th, 8th, and 14th Amendment Constitutional Rights, thus forth have caused a great inconvenience for the Plaintiff... going forward with the afore-mentioned Licensed Contractor-work and Development Plans until these "questions of law" are resolved in its entirety, for these conspirator and collusion acts have the ability to cause an unwarranted "Public Nuisance" to be placed onto the Plaintiffs Property Tax Bill-- by City Officials, more or less these acts of wantonness should not be undermined, whereas such ongoing illegal littering and dumping onto Plaintiffs Private Property have unlawfully obstruct the Plaintiff from pursuing further Lawncare and Maintenance services including other Contract Labor as planned to improve the conditions of the Parcel of Land as Plaintiff had been [prior] to this unwarranted inconvenience and interruption that constitutes Trespassing on Plaintiffs Private Property for doing so, nevertheless have caused Economic and Environmental defects hereby these illegal activities and criminal acts, especially with other acting parties "clandestine" maneuvers, whereby [after] Public Sector Administrative hours—the Property Owner of the Encroaching Structure have orchestrated and managed to operate its business operation on the "Encroaching Structure" quite and silently, that demonstrates wantonness to conceal the ongoing Construction and Remodel activities, in particular during late evening hours with "malice intent" to not be seen committing such illegal activities, more or

less to avoid City Officials or Inspectors, as well as the lawful owner of the Property in dispute.

Plaintiff shall [not] be deprived of Property Right, and standing alone did cause the Property Owner of the Encroaching Structure to be "liable" for impeding a licensed Surveyor from conducting a [second] proper and accurate Survey & Mapping of the backside of Lot-11 associated with the "Encroaching Property in dispute" on or about April 17, 2020, purposely to assess the right "Square Footage" of the "Encroaching Structure" that's infringing and encroaching the Plaintiffs Private Property Boundary Line, and nevertheless have since completely stop, blocked and hindered Plaintiffs plans in hiring Licensed Property Appraisal to Appraise the Plaintiff Private Property in its entirety, more or less without any unwarranted inconvenience and interruptions of Plaintiffs preparation plans and forth-coming agenda to improve the conditions of the Parcel of Land in furtherance, amongst other necessary moving actions consistent with [regulatory compliances] may or shall be met by Plaintiff before commencement of the afore-said Development and Construction project on Plaintiff Private Property.

These intentional and deliberate punitive reactions imposed upon Plaintiff did cause unnecessary financial damages arising out of the above-said criminal acts and Due Process violations, preventing the restoration of an area on the backside of Lot-11, whereas the Plaintiff have cleared out tress, debris and other miscellaneous objects, which now have been vandalized and polluted by the afore-said illegal littering and dumping on Plaintiff Private Property.

On Constitutional grounds, Plaintiff contends that the substantial factors and claims contained herein this Civil Complaint a full criminal investigation to be conducted, in which has yet been reported by the Plaintiff to the Jacksonville Sheriff's Office - do to "reconsideration" of the Plaintiff, more so Plaintiff benevolent nature, and previously did takes the initiative and proper steps with due diligence to at least attempt to offer the lawful Property Owner of the Encroaching Structure an Equal Opportunity (Defendant) to negotiate a **neighbor-to -neighbor** agreement under special terms and conditions and legally bind under Notarized Contract, dated and signed by a licensed Public Notary – to resolve this matter of Law, whereas the Defendant failed to negotiate or allot the Plaintiff a fair and just compensation, nevertheless "General Compensatory Damages" rewarded solely as an **Out of Court Settlement**, which informatively were not to be considered, nor taken as a "Bribe", for the Property Owner of the Encroaching Structure and other acting parties did commit multiple criminal acts, comprised to unlawful and "collusion acts" that were carried out "in bad faith" voluntarily, knowingly and willfully – in respect which have caused Plaintiff to suffer financial damages that which includes Mental Anguish, Emotional, and Psychological distress, pain and suffering do to having been wrongfully [subjected] to these unwarranted criminal acts and violations of Plaintiff Property Rights, as well as Plaintiffs 4th, 5th, 8th, & 14th, Amendment Constitutional Rights, guaranteed by the United States Constitution.

In particular, the Plaintiff claims over these course of actions demonstrates empathy and patience the Defendant has allowed to fall on deft ears, whereas the Defendant has failed to reach a consensual agreement with Plaintiff hereafter the Plaintiff set aside and postponed working on the said property in

dispute, do to the defendants oral claims in the month of May 2020, that the defendant needed time to obtain a Survey in order to determine the fact findings associated herein Plaintiffs claims.

In effect, the Plaintiff frequently contacted both-the Defendant and his licensed Electrician Contractor Mr. Carlos, between the Month of May-July 2020, concerning the Defendant efforts or actions taken to obtain a Certified Survey of 4217 Pearce Street, from a licensed Land Surveyor as the Plaintiff did immediately after purchasing 1659 west 32nd Street. The Defendant indicated to Plaintiff via phone that the Building is so old that the Defendant had to obtain the original Floor Plans of 4217 Pearce Street, from the Archives Department in the ED Bald Building at 211 N. Hogan Street, Jacksonville Florida, 32202.

On or about July 15, 2020, 1t approximately 11:40am, Plaintiff contacted the Defendant via phone in relation to solving this matter upon coming to some form of agreement with Defendant. The Defendant asked Plaintiff to provide him with Plaintiffs email address, which Plaintiff did so, and shortly thereafter the Plaintiff were in receipt of email from the Defendant via Email to: Fm80investments@gmail.com; on the afore-mentioned date at 11:44am, which included a ambiguous email in attachment with a Diagram of Building Plans of the 2-Story Building Plumbing section reflecting fictions only, dated & stamped on June 1, 1978.

In addition, the Plaintiff inquired from the Defendant to know beyond this point and based on the Defendants knowledge from his Floor Plan and Survey of the property, what were his suggestion, recommendations, or preference related to the Plaintiff and Defendant resolving this Encroaching Structure of the 2-Story Building, that is preventing Plaintiff from Closing-in and securing the backside of Lot-11, including the Defendants use of Utility on Plaintiffs property, partially Zoned as Commercial/Office use.

On July 17, 2020, at approximately 8:54am, the Defendant responded via Email requesting for the Plaintiff to send the Defendant a copy of Plaintiffs Survey, showing Plaintiffs property dimensions from 1659 west 32nd Street. The Plaintiff forwarded the Defendant a full copy of the Plaintiffs second Survey conducted on said property.

On July 17, 2020, at approximately 12:03pm, correspondence email were other suggestions proposed by the Defendant, which the Defendant stated in part: "we can just measure from both sides to figure out boundary lines".

On July 17, 2020, at approximately 12:06pm, in reliance on Plaintiffs response email, Plaintiff advised the Defendant of the Survey...forwarded to the Defendant reflecting only, the Dimensions related to the Encroaching structure and Boundary line in dispute located on the backside of lot-11 of 1659 west 32nd street, that the Plaintiff were willing to dialogue and negotiate with the Defendant, on the exact same date at approximately 12:11pm, whereas the Defendant stated that he believe his Structure is within Defendants Land Boundaries and are permitted by the City planning Department; that which also standing alone, refutes the Plaintiffs claims in its entirety. In furtherance, the Defendant

"insinuated" that Plaintiffs intentions is just to make some monetary gains, the Plaintiff are more than welcome to approach the Court and we (Plaintiff/Defendant) our Attorneys can present the facts in the Court.

On July 17, 2020, at approximately 12:49pm, in reliance on Plaintiffs response email to the Defendant- precisely informed the Defendant that the Plaintiffs property is a 100x100, in accordance to PLAT BOOK 4, PAGE 70; and that if the Defendant insist to contest to the facts of Plaintiffs Certified Survey, are contrary to the Defendants, and which Defendant further contends that the dimensions of Plaintiffs Survey are not accurate based on Defendants material or tangible physical evidence, then Plaintiff and Defendant don't have to waste time disputing anything on this level any further outside of the Courts.

Plaintiff contends that the Defendants negligence and failure to negotiate, thereby taking the manner of actions as Defendant have done so related to Plaintiffs above-said claims point-for-point, have caused the Defendant to be liable for the punitive reactions and damages the Plaintiff have suffered, nevertheless causing the Plaintiff to postpone the Plaintiffs properly without Plaintiffs voice having been heard , and which included the unlawful sales and purchase of the property (in this case 4217 Pearce street) from the City of Jacksonville, to the Defendant without providing the Plaintiff any notice of sale, whereas a matter of law pursuant to State of Florida Property Rights-Statutory provisions, Plaintiff do own approximately 44 Sq. ft., of the 2-Story Building --- Encroaching Structure, according to the Certified Survey(s) of 1659 west 32nd Street. (City, State and Zip Code omitted).

On July 17, 2020, at approximately 12:58pm, the Defendant stated via email in part: "He not sure what made Plaintiff assume that Plaintiffs property is 100x100, making it 10,000 Sq. ft". In furtherance, that per City Records, Plaintiffs property area is 9,607 Sq. ft., that Plaintiff are claiming 333 Sq. ft. extra which legally is not Plaintiffs. And that this may be the case of false oath as City Records do not support Plaintiffs statements. Defendant concluded that he'll have his Attorney take the next necessary actions.

Plaintiff contends that based on reliance of the vital information Plaintiff received from the professional hired Surveyor (in this case witness) Samuel C. Cooler at **C & C Land Surveyors PO Box 600304, Jacksonville, Florida, # 904 287-0407;** which established the grounds and facts that Plaintiffs claims herein are based on, as well as, in addition to the new information both learned and obtained from the Defendant personally via phone/email as indicated above.

Accordingly, Plaintiff are suing the afore-said Property Owner of the Encroaching Structure or Defendant ( in an "Individual Capacity" ) and, as well as all other unnamed acting parties –accompanying the Defendant in committing the afore-said unlawful and criminal acts, and therefore, Plaintiff hereby seek with directions to the Court upon-- Request for Leave of the Court for the Issuance of an Immediate Court Order – Ordering the [Demolition and Removal] of the "approximate or accurate" Square Footage of the Encroaching Structure that does infringe and encroach the Plaintiffs Parcel of Land #085081-0000,

# IX. Certification and Closing

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff: *Larry K. Williams*
Printed Name of Plaintiff: Larry K. Williams
Prison Identification #: _____
Prison Address: _____

City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____

City / State / Zip Code

Telephone Number: _____
E-mail Address: _____

Page 11 of 11

  C. What date and approximate time did the events giving rise to your claim(s) occur?

  D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

located at 1659 west 32nd street, Jacksonville, Florida, 32209, to the contrary of Plaintiffs Property Rights.

## VI. Relief

Plaintiff seeks reward for General Compensatory Damages, that which includes punitive damages for the above-said criminal acts and violations of the Plaintiff Constitutional Rights, wherefore the said unlawful and criminal acts wrongfully [subjected] the Plaintiff to unreasonable infliction of cruel and unusual punishment, that coupled infliction of severe stress leading, causing and imposed upon Plaintiff unwarranted Mental, Emotional, and Psychological anguish and distress -- in the sum amount of $40,000 US Currency; and assertively, the lawful Property Owner of the Encroaching Structure (Defendant) have been furnished a copy of this **Amended 1983 Civil Rights Complaint** with **Certificate of Service** (in attachment), for exercising deliberate indifference, negligence and operating a criminal enterprise on Plaintiffs property [Under Color of Law].

/S/ *Larry K. Williams*

Plaintiff, Larry Williams

# Certificate of Service

I, Plaintiff _Larry K. Williams_, Certify that the foregoing **Amended 1983 Civil Rights Complaint**, have been furnished to the above-said Property Owner of the Encroaching Structure (Defendant) MOMIN AQEEL, to: 12240 Linden Tree CT, Jacksonville, Florida, 32246, via **Certified U.S. Postal Service** on this _20th_ day of _August_, 2020.

/S/ _Larry K. Williams_

Plaintiff, Larry Williams

244 west 46th street

Jacksonville, Florida 32208

Work (904) 708-7243  904 962-6390

Fm80investments@gmail.com

Produced FloridA Drivers Lic.
#［redacted］

_Gerald Minnified_ (signature)

**GERALD O MINNIFIELD**
Notary Public - State of Florida
Commission # HH 064319
My Comm. Expires Nov 16, 2024
Bonded through National Notary Assn.

Amended Complaint

(Per Se Court Order of District Court)

April 17, 2021